FILED
2015 Jul-23  PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| PAMELA BLACKMORE JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 2:14-cv-01891-JHE |
| | ) | |
| FLEX-N-GATE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Pamela Blackmore Jenkins ("Jenkins") initiated this action against Defendants Flex-N-Gate ("FNG") and Personnel Staffing, Inc. ("PSI"), asserting claims of sexual harassment under Title VII of the Civil Rights Act of 1964.  (Doc. 1).[1]  PSI filed a motion to dismiss, contending Jenkins had not shown she had filed a timely charge with the Equal Employment Opportunity Commission ("EEOC"), attaching the "Dismissal and Notice of Rights" letter the EEOC sent to Jenkins.  (Docs. 9 & 9-1).  Jenkins opposed the motion, attaching another letter from the EEOC and the Notice of Charge of Discrimination sent to PSI.  (Docs. 15, 15-1, & 15-2).  PSI replied, attaching a sample EEOC Intake Questionnaire and the Notice of Charge to PSI.  (Docs. 16, 16-1, & 16-2).  Then, FNG filed its own motion to dismiss, making substantially the same argument, and attaching the Notice of Charge to FNG, the Charge of Discrimination, and the Dismissal and Notice of Rights letter.  (Docs. 17, 17-1, & 17-2).  Jenkins did not respond to FNG's motion within the time set out in the Initial Order.  (*See* doc. 10-3 at 1).

---

[1] Although Jenkins cites to 42 U.S.C. § 1981 as a basis for this Court's jurisdiction, she does not actually bring any § 1981 claims in her complaint.  (*See* doc. 1).

PSI argues "[m]otions to dismiss a Title VII complaint based on a defendant's assertion of lack of timeliness of an EEOC charge should be analyzed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."  (Doc. 9 at 2-3) (citing *Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1182 (M.D. Ala. 2000)).  Jenkins cites both the Rule 12(b)(6) standard, (doc. 15 at 2), and the Rule 56 standard, (*id.* at 4), as well as stating the court may consider additional documents part of the pleadings under Rule 12(b)(6), (*id.* at 6), before ultimately relying on both standards, (*id.* at 7).  PSI's reply extensively addresses the evidence Jenkins provides but does not further address the proper standard.  (*See* doc. 16).  FNG's motion to dismiss also relies on *Moss* for the proposition a motion to dismiss for failing to file a timely EEOC charge should be analyzed under Rule 12(b)(6).  (Doc. 17 at 2).

Although the court in *Moss* decided it would rule on the defendants' motions to dismiss under Rule 12(b)(6), it did not do so as Defendants here would have this Court do.  Defendants cite *Moss* for the simple proposition a court may address timeliness under the Rule 12(b)(6) standard, but they then go on to address additional evidence presented in support of and opposition to their motions to dismiss.  (Docs. 9, 16, & 17).  However, that is not what the *Moss* court did.  After deciding that filing a timely charge was procedural instead of jurisdictional and that the motions to dismiss should therefore be considered under Rule 12(b)(6) and not Rule 12(b)(1), the *Moss* court addressed whether it should convert the motions to dismiss to motions for summary judgment under Rule 56.  *See* 111 F. Supp. 2d at 1184-85.  The court ultimately declined to convert the motions, finding it "more appropriate to enter a scheduling order and allow the Parties to conduct discovery" and revisit the timeliness issue if raised in a properly supported motion for summary judgment.  *Id.* at 1185.  Evaluating the motions to dismiss under Rule 12(b)(6), the court held that, because the plaintiff's complaint alleged a charge of

discrimination had been filed within 180-days of the the unfair employment practice, the defendants' motions to dismiss were due to be denied. *Id.* at 1186.

Despite citing *Moss*, Defendants clearly did not intend for the Court to address their motions under the Rule 12(b)(6) standard.[2] All three parties to this action have raised or addressed the timeliness issue with the support of evidence outside of the pleadings. (*See* docs. 9, 9-1, 15, 15-1, 15-2, 16, 16-1, 16-2, 17, 17-1, & 17-2). Although a court may consider documents outside of the pleadings on a motion to dismiss without converting it to a motion for summary judgment, that exception only applies "if the attached document is (1) central to the plaintiff's claim and (2) undisputed," (that is, "the authenticity of the document is not challenged"), *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). At best, the charge of discrimination could be considered "central" to Jenkins's claim because it is required for her to bring it, but the dismissal letter, attached to the motions to dismiss, and the September 24, 2013 EEOC letter and the "EEOC log," both attached to Jenkins's response, would not. Moreover, the authenticity of at least one of the submitted documents is explicitly disputed. (Doc. 16 at 3-4). In order to consider the additional evidence, the Court may not consider the motions to dismiss under the Rule 12(b)(6) standard but must consider them as motions for summary judgment under the Rule 56 standard.

Because the parties have already been treating these motions like motions for summary judgment under Rule 56 and attaching evidence to each of their filings, the parties do not appear

---

[2] Nearly all the cases Defendants cite address motions for summary judgment. *See, e.g.*, *Pijnenburg v. W. Georgia Health Sys., Inc.*, 255 F.3d 1304, 1306 (11th Cir. 2001) (affirming a "motion to dismiss" addressed in the district court under the Rule 56 standard); *Rizo v. Alabama Dep't of Human Res.*, 228 F. App'x 832, 836 (11th Cir. 2007) (affirming summary judgment); *E.E.O.C. v. Summer Classics, Inc.*, 41 F. Supp. 3d 1287, 1288 (N.D. Ala. 2011) (same); *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1237 (11th Cir. 2004) (reviewing district court's grant of a motion to dismiss under the Rule 56 standard because the district court considered evidence outside the pleadings).

to believe additional discovery is necessary to answer the narrow question at issue; therefore, the motions to dismiss will be converted to motions for summary judgment on the timeliness of both of Jenkins's Title VII claims.  Even though Jenkins has been submitting evidence and addressing the timeliness issue under the Rule 56 standard, (doc. 15 at 4-5 & 7; docs. 15-1 & 15-2), the undersigned, in an abundance of caution, provides this official notice of the conversion to motions for summary judgment and of the standard the Court will consequently apply, so as to ensure Jenkins has the "opportunity to formulate and prepare [her] best opposition to an impending assault upon the continued viability of [her claims]."  *Georgia State Conference of NAACP v. Fayette Cnty. Bd. of Comm'rs*, 775 F.3d 1336, 1344 (11th Cir. 2015) (internal quotation marks omitted).

Accordingly, it is **ORDERED** that Jenkins has until **August 6, 2015**, to supplement her response with any further evidence or affidavits in opposition to Defendants' motions for summary judgment, and Defendants have until **August 13, 2015**, to supplement their replies.

DONE this 23rd day of July 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE